# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HOLLY McCULLOUGH and : 
TOM McCULLOUGH, :
 :
    Plaintiffs, :
 :
 : CIVIL ACTION NO.
v. : 1:12-CV-4079-RWS
 :
MICHAELS STORES, INC. and :
USM, INC., :
 :
    Defendants. :
 :

## **ORDER**

This case comes before the Court on Defendant Michaels Stores, Inc.'s Motion for Summary Judgment [47], Defendant USM, Inc.'s Motion for Summary Judgment [48], Plaintiffs' Motion to Strike Affidavit of Christina Hayes [54], and Motion to Strike Affidavit of Anita McCormack Maxwell [61]. After reviewing the record, the Court enters the following Order.

## **Background**[1]

On October 22, 2010, Plaintiff Holly McCullough went to a Michaels Store located in Conyers, Georgia, to make some purchases and return other

---

[1] The following facts are taken from the parties' Statements of Material Facts and are undisputed unless otherwise noted.

items. One week before, on October 15, 2010, Michaels discovered that one of the toilets in the bathroom had a leak, and former employee Anita Maxwell reported to USM, Inc., a contractor that performed maintenance work for Michaels, that the toilet needed repairs. Michaels states that it put up three signs warning customers of the leak: one in the hallway, one on the entrance to the bathroom, and one in the bathroom. However, Plaintiff denies that there were any warning signs posted. She does agree that there was an out-of-order sign posted on one of the stall doors. Michaels also states that as a standard procedure it inspects the bathrooms six times per day.

At one point during her visit, Plaintiff made her way to the women's restroom, which was located near the back of the store. Plaintiff did not see any water in the hallway leading to the bathroom. Maxwell had been in the restroom and walked out as Plaintiff entered. Maxwell did not see any water on the floor in the hallway as she left. Plaintiff states that there was no water inside the bathroom, either. However, when Plaintiff exited the bathroom and stepped into the hallway, she slipped on water and fell just outside the bathroom door.

2

Plaintiffs Holly and Tom McCullough initiated this premises-liability action in the State Court of Rockdale County on October 22, 2012, and Defendants removed on November 21, 2012. In their complaint, Plaintiffs allege that Defendants Michaels Stores, Inc. ("Michaels") and USM, Inc. ("USM") negligently maintained the premises of the Conyers Michaels craft store, and as a result Plaintiff Holly McCullough suffered $650,000 in damages from physical and mental injuries. (See generally Compl., Dkt. [1].) Specifically, Plaintiff maintains that Michaels failed to take reasonable steps to prevent injuries arising from the leaking toilet in the women's restroom. Plaintiff also maintains that USM failed to fix the leak and failed to warn customers of the dangerous conditions. Defendants move for summary judgment.

**Discussion**

**I. Plaintiff's Motions to Strike**

Plaintiff moves to strike the affidavits of Anita Maxwell and Christine Hayes, two former employees of Michaels [54, 61]. Plaintiff objects to Maxwell's affidavit because Michaels submitted it with its reply brief and "produced new substantive evidence at the last moment without affording the

3

Plaintiff the opportunity to respond to the affidavit." (Pls.' Br., Dkt. [61-1] at 5.) Michaels responds that it was not able to get in touch with Maxwell until after it filed its motion for summary judgment. Furthermore, Michaels states that the affidavit does not raise new evidence because Maxwell testifies to the same facts raised in Michael's motion for summary judgment: that she passed Plaintiff as she exited the restroom and did not see any water on the hallway floor. (See Michael's Statement of Material Facts, Dkt. [47-3] ¶¶ 15-16.) When it moved for summary judgment, Michaels initially provided evidence of Maxwell's observation through hearsay evidence in another employee's affidavit. (See Hayes Aff., Dkt. [47-2] ¶ 26.) Moreover, Michaels identified Maxwell and her statement that she did not see any water in Michaels' Responses to Plaintiffs' First Interrogatories. (See Dkt. [63-2] ¶ 13.) By obtaining Maxwell's affidavit once it got in touch with her, Michaels submitted the same evidence in a different form, and therefore Maxwell's subsequent affidavit does not prejudice Plaintiffs. Consequently, Plaintiffs' Motion to Strike [61] is due to be **DENIED**.

Plaintiff also moves to strike [54] the Hayes affidavit, arguing the affidavit fails to meet the requirements of Federal Rule of Civil Procedure 56, is

4

not based on personal knowledge, is inconsistent with some of Michaels' interrogatory responses, and contains hearsay statements. Rule 56 requires that an affidavit "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). The Court finds that Hayes's affidavit meets the requirements of Rule 56 because it is sworn, notarized, and based on Hayes's personal knowledge. (See Hayes Aff., Dkt. [47-2].) To the extent her statements contradict any of Michael's responses, those contradictions do not rise to the level of a "sham affidavit," as Plaintiff argues. Finally, the Court finds that any hearsay statements in Hayes's affidavit fall under a hearsay exception or could otherwise be reduced to an admissible form at trial. For these reasons, Plaintiffs' Motion to Strike the Hayes Affidavit [54] is **DENIED**.

## II. Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . .

5

AO 72A
(Rev.8/82)

court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which

are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### III. Michaels Stores' Motion for Summary Judgment

Under Georgia law, if "an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.  In order to sustain a claim against an owner or occupier of land for violation of its duty to invitees, a plaintiff "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of

7

ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997).

"Moreover, an invitee might recover for personal injury in a slip and fall only when the perilous instrumentality is known to the owner or occupant and not known to the person injured." Edwards v. Ingles Market, Inc., 506 S.E.2d 205, 206 (Ga. Ct. App. 1998) (quoting Robinson, 493 S.E.2d at 405) (internal quotation marks omitted). "The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom." Id.

Plaintiff argues that she had no knowledge of a hazard while Michaels did and failed to take reasonable steps to protect customers from the hazard. Even assuming a plaintiff did not know of a hazard, though, a defendant is still entitled to summary judgment if the plaintiff cannot also demonstrate "that the defendant had actual or constructive knowledge of the hazard." Robinson, 493 S.E.2d at 414. This is true even when a defendant's inspection procedures are unreasonable as a matter of law, because "when a defendant can demonstrate that an inspection occurred within a brief period before the plaintiff's fall, that inspection procedure will be held adequate as a matter of law." Heath v. Wal-Mart Stores East, LP, 697 F. Supp. 2d 1373, 1381 (N.D. Ga. 2010) (citing

8

Matthews v. The Varsity, 546 S.E.2d 878, 881 (Ga. Ct. App. 2001)). In Mazur v. Food Giant, Inc., for example, the court held, "Where it appears a foreign object had not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it." 359 S.E.2d 178, 179 (Ga. Ct. App. 1987); see also J.H. Harvey Co. v. Reddick, 522 S.E.2d 749, 753 (Ga. Ct. App. 1999) ("In cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law.").

In Mucyo v. Publix Super Markets, Inc., the plaintiff argued that summary judgement had been erroneously granted to the defendant because a genuine issue of material fact remained as to the defendant's constructive knowledge. 688 S.E.2d 372, 375 (Ga. Ct. App. 2009). As the court noted, "the evidence show[ed] that a Publix employee who was dust mopping the store inspected the area where [the plaintiff] fell within two minutes prior to her fall" and observed no hazardous condition. Id. Based on these facts, the court held, "Regardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's

9

fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." Id. Further, the court held that the plaintiff's argument that she did not see an employee in the area before she fell did not contradict the employee's testimony that she inspected the floor. Id.

In Medders v. Kroger Co., the Georgia Court of Appeals upheld summary judgment for the defendant on the basis of an employee's testimony that she had inspected an area and found no hazard five to ten minutes before an accident. 572 S.E.2d 386, 388 (Ga. Ct. App. 2002). The court rejected the plaintiff's argument that a genuine issue of material fact remained due to an employee's testimony that she was "in a hurry" and that it was "possible" that she had failed to notice the hazard. Id. The court held that this testimony was insufficient to preclude summary judgment, and that the occurrence of an inspection revealing no hazard so close to the time of the accident rendered the procedures adequate as a matter of law. Id.

Here, there is undisputed evidence that employee Maxwell inspected the area within minutes of Plaintiff's fall. According to Maxwell, employees checked the bathroom regularly to see if water needed to be mopped. (Maxwell Aff., Dkt. [58-1] ¶ 8.) According to Maxwell, "There was no water on the floor

10

AO 72A
(Rev.8/82)

inside the door [to] the bathroom . . . and there was no water on the floor outside the door in the hallway." (Id. ¶ 13.) This inspection took place just as Plaintiff entered the bathroom. And according to Maxwell, less than ten minutes later she was informed on "the store radio that a customer had fallen in the bathroom hallway." (Id. ¶ 14.) Even though Michaels knew that there was a leak in the bathroom, the undisputed evidence demonstrates that shortly before Plaintiff's fall, there was only a small amount of water in one of the bathroom stalls and there was no water anywhere else. (Id. ¶ 9.) Thus, even if Michaels did not post any warning signs or regularly inspect the bathroom, the fact that an inspection revealed no hazard in the hallway ten minutes before Plaintiff's accident renders that inspection adequate as a matter of law. See, e.g., Medders, 527 S.E.2d at 388 (holding that an inspection finding no hazard five to ten minutes before an accident "was adequate as a matter of law"); Super Discount Markets, Inc. v. Clark, 443 S.E.2d 876, 877 (Ga. Ct. App. 1994) (holding that a defendant exercised due care when it inspected a floor fifteen to twenty minutes before an accident).

In sum, Plaintiff cannot establish Michaels' superior knowledge of any water in the hallway. Consequently, under Georgia law Michaels' Motion for

11

Summary Judgment [47] is due to be **GRANTED**.

### IV. USM's Motion for Summary Judgment

USM, the contractor Michaels hired to perform repair work, argues it is entitled to summary judgment because it did not owe Plaintiff a duty, and Plaintiff produces no evidence of USM's negligence. In Plaintiff's complaint, she alleges that "USM had a duty to make repairs and to warn patrons of dangerous conditions and failed to do either, thus breaching the duty owed to the Plaintiff." (Compl., Dkt. [1] ¶ 19.)

Georgia law "imposes upon an *owner or occupier* of land the nondelegable duty to exercise ordinary care to keep the premises and approaches safe for invitees." Taylor v. AmericasMart Real Estate, LLC, 651 S.E.2d 754, 757 (Ga. Ct. App. 2007) (emphasis added). In Taylor, the court found that a janitorial service did not owe the plaintiff a duty as an invitee. Id. "Rather, [the company] was merely an independent contractor which agreed to provide certain cleaning services in the building where [the plaintiff] fell." Id. Consequently, the janitorial company did not have an independent duty to inspect the premises to protect the occupier's invitees. Id. Here, too, USM was

12

an independent contractor without an independent duty to protect Michaels' invitees.

That being the case, USM is entitled to summary judgment both for the reasons stated in *supra* Part III and for the reason that it did not owe Plaintiff a duty as an invitee.[2] Defendant USM's Motion for Summary Judgment [48] is therefore **GRANTED**.

## Conclusion

For the foregoing reasons, Defendant Michaels Stores, Inc.'s Motion for Summary Judgment [47] and Defendant USM, Inc.'s Motion for Summary Judgment [48] are **GRANTED**, and Plaintiffs' Motion to Strike Affidavit of Christina Hayes [54] and Motion to Strike Affidavit of Anita McCormack Maxwell [61] are **DENIED**.

**SO ORDERED**, this  30th  day of September, 2014.

						_____
						**RICHARD W. STORY**
						United States District Judge

---

[2]Plaintiff argues that she was a third-party beneficiary of the service agreement between USM and Michaels. But since Plaintiff did not allege this theory of liability in her complaint, the Court does not address this issue.

13